# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Jerome Garcia, ) | Civil Action No.: 3:21-cv-01359-JMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Don Rickenbaker, Sr.; A. K. Enzor; ) | |
| And Willie McCauley, Jr., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Jerome Garcia, proceeding *pro se*[1] and *in forma pauperis*[2], brought a civil action pursuant to 42 U.S.C. § 1983. (ECF No. 8.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(g) (D.S.C.), the matter was referred to a United States Magistrate Judge for pretrial handling. On June 11, 2021, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that the court summarily dismiss the claim against Defendant Rickenbaker. (ECF No. 15.) For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation and **DISMISSES** the claim in this action against Defendant Don Rickenbaker with prejudice.

---

[1] "Because he is a *pro se* litigant, Plaintiff's pleadings are construed liberally by the court and held to a less stringent standard than attorneys' formal pleadings." *Simpson v. Florence Cty. Complex Solicitor's Office*, Civil Action No.: 4:19-cv-03095-JMC, 2019 WL 7288801, at *2 (D.S.C. Dec. 30, 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). "This, however, 'does not transform the court into an advocate' for Plaintiff; the court is not required to recognize Plaintiff's claims if there is clearly no factual basis supporting them." *Id.* (quoting *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)).

[2] Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.

### I.     BACKGROUND

The Report sets forth the relevant background facts and legal standards which this court incorporates herein without a full recitation.  (*See* ECF No. 15.)  The court will only reference additional facts that are pertinent to the analysis of the issues before it.  On July 10, 2019, Plaintiff was pulled over while driving and subsequently arrested.  (ECF No. 8-1 at 1.)  On May 6, 2021, Plaintiff filed his original Complaint alleging violations of his constitutional rights by the arresting officers, Defendants Enzor and McCauley, and the presiding magistrate, Defendant Rickenbaker.  (ECF No. 8 at 2–3.)  After review of the original Complaint (ECF No. 1), the Magistrate Judge provided an opportunity for Plaintiff to cure deficiencies, and on June 4, 2021, Plaintiff filed an Amended Complaint (ECF No. 8).  On June 11, 2021, the Magistrate Judge issued a Report and Recommendation regarding Plaintiff's claims against Defendant Rickenbaker.  (ECF No. 15.)

### II.     LEGAL STANDARD

The Magistrate Judge makes only a recommendation to this court; the recommendation has no presumptive weight and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to for clear error, including those portions to which only "general and conclusory" objections have been made.  *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions.  *See* 28 U.S.C. § 636(b)(1).

### III.  ANALYSIS

Plaintiff alleges that Defendants violated his constitutional rights to due process and equal protection provided under the Fourteenth Amendment.  (ECF No. 8 at 3.)  In the Report, the Magistrate Judge found that the allegations against Defendant Rickenbaker should be dismissed based on judicial immunity.  Judges have immunity from claims arising out of their judicial actions, and this immunity is a protection from suit, and is not pierced by allegations of corruption or bad faith.  *Mireless v. Waco*, 502 U.S. 9, 11-12 (1991).  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"  *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (citation omitted).  Plaintiff's claims against Defendant Rickenbaker relate to his judicial actions, and he is entitled to absolute immunity.  Accordingly, this court finds Plaintiff's claims against Defendant Rickenbaker should be summarily dismissed.

The Magistrate Judge advised Plaintiff of his right to file specific written objections to the Report within fourteen (14) days of the date of service.  (ECF No. 15 at 5 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)).)  However, Plaintiff did not file any objections before the deadline.

In the absence of a timely objection to the Magistrate Judge's Report, the court is not required to provide an explanation for adopting the recommendation.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting an advisory committee note on Fed. R.

CIV. P. 72).  Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation.  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985).

After conducting a thorough review of the Report and record in this case, the court concludes that the Report provides an accurate summary of the facts and law and does not contain any clear error.  Therefore, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 15) and **DISMISSES WITH PREJUDICE** Plaintiff Jerome Garcia's claims against Defendant Don Rickenbaker.  (ECF No. 8).

**IT IS SO ORDERED.**

J. Michelle Childs
United States District Judge

November 9, 2021
Columbia, South Carolina