

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| JEROME GARCIA,<br>         Plaintiff,<br><br>vs.<br><br>A. K. ENZOR, *State Trooper*, and WILLIE<br>MCCAULEY, JR., *SC Trooper*,<br>         Defendants. | §<br>§<br>§<br>§<br>§<br>§ Civil Action No. 3:21-01359-MGL<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**I.    INTRODUCTION**

Plaintiff Jerome Garcia (Garcia), proceeding pro se, filed an amended complaint against Defendants A.K. Enzor (Enzor) and Willie McCauley, Jr. (McCauley) (collectively, Defendants), alleging unconstitutional search and false arrest under 42 U.S.C. § 1983.

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending this Court grant Defendants' motion for summary judgment and dismiss Garcia's claims without prejudice.  The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

**II.    FACTUAL AND PROCEDURAL HISTORY**

The Magistrate Judge filed the Report on April 6, 2022.  Garcia objected on April 18, 2022, and Defendants objected on April 20, 2022.  Neither filed any reply.  The Court has reviewed the

objections. It holds Garcia's objections to be without merit, but will sustain Defendants' objection. It will therefore enter judgment accordingly.

The Court need not repeat the facts of this case inasmuch as the Report sets out a thorough recitation. This Order provides a brief overview and includes only those facts necessary to the Court's analysis.

Garcia's claims arise from an incident on July 10, 2019, during which Enzor pulled Garcia over because his car lacked a license plate. Garcia refused to provide information regarding his identity or the vehicle. Enzor eventually requested back up from McCauley and others, and placed Garcia under arrest.

Officers subsequently searched the vehicle, then had it towed and impounded. Enzor ticketed Garcia with driving under suspension, first offense; operation or permitting operation of vehicle that is not registered and licensed; and uninsured motor vehicle, first offense. Garcia thereafter brought this action. A jury has since found Garcia guilty of the above-listed charges in a trial at which he failed to appear.

### III.     LEGAL STANDARD

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

IV.     **DISCUSSION AND ANALYSIS**

    A.     *Whether the Court should sustain Garcia's objections*

Garcia lists thirty-two paragraphs of objections to the Report. With several exceptions, addressed below, Garcia has largely failed to present any specific objections to the Report.

This Court need not conduct a de novo review of the record "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court reviews the Report and Recommendation only for clear error in the absence of specific objections. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record to accept the recommendation.") (citation omitted).

Most of Garcia's objections amount to general contentions with the Report's findings, and merely repeat claims the Magistrate Judge properly considered and rejected. Inasmuch as the Court agrees with the Magistrate Judge's detailed treatment of those issues in its well-written and comprehensive Report, repetition of that discussion is unnecessary here.

Consequently, to the extent Garcia neglects to make specific objections, and the Court has found no clear error, it need not make a de novo review of the record before overruling those objections and accepting the Magistrate Judge's recommendation.

Further, inasmuch as the Magistrate Judge warned Garcia of the consequences of failing to file specific objections, Report at 13, he has waived appellate review as to those objections. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508–09 (6th Cir. 1991) (holding general objections are insufficient to preserve appellate review).

Garcia, however, does make some specific objections that warrant brief discussion.

First, he restates his objection to Magistrate Judge Hodge's continued involvement in this case. The Magistrate Judge has jurisdiction in this case under 28 U.S.C. § 636. As Magistrate Judge Hodges stated in her Order denying recusal, Garcia failed to state a proper basis for recusal. He states no additional basis in his response to the motion for summary judgment or his objections. The Court will therefore overrule this objection.

Second, Garcia objects to his arrest because he was pulled over for a mere traffic violation. But, a jury subsequently convicted Garcia of the above-reference charges as a result of his arrest and he has failed to show his conviction has been invalidated. As the Magistrate Judge explained, *Heck v. Humphrey*, 512 U.S. 477 (1994), bars Garcia's recovery for his false arrest claim. Thus, whether the stop was a felony stop or a traffic stop is immaterial to his claims.

Similarly, neither of the cases Garcia cites undermine the Magistrate Judge's analysis. First, he cites to *Sherar v. Cullen*. He states it is a Supreme Court case, but the Court believes he is referring to *Sherar v. Cullen*, 481 F.2d 945 (9th Cir. 1973), which is nonbinding on the Court. In *Sherar*, the Ninth Circuit expressed its "obvious concern[,]" based on Supreme Court precedent, "that there be no sanction or penalty imposed upon one because of his exercise of constitutional rights." *Id.* at 947. The Court certainly agrees with that concern. But, these concerns fail to remove the barrier to his false arrest claim created by his convictions under *Heck*. This case fails to undermine the Magistrate Judge's analysis.

Next, he references *Morgan v. Virginia*, 328 U.S. 373 (1946), for the proposition that a "legislature cannot make a particular law that is too burdensome or restrictive of one's fundamental rights." Objections ¶ 12. *Morgan*, however, merely holds that state laws with an undue burden on interstate commerce are unconstitutional. 328 U.S. at 376–77. The Court generously construes Garcia's objection to argue his underlying convictions were based on statutes that unduly burdened

4

interstate commerce.  Once again, however, Garcia's *Heck* impedes Garcia's arguments, as the underlying convictions remain valid.  This Court will thus overrule these objections as well.

Third, Garcia insists he has a Seventh Amendment right to resolution of this case via jury trial, rather than summary judgment.  But, the Court must grant summary judgment upon a parties motion if there are no genuine issues of material fact.  *See* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law").

Simply put, Garcia has failed to identify any such triable issue and the Court decides this case as a matter of law, even taking careful consideration of the video evidence provided by the parties.  So, a jury is unneeded to find any facts in this matter, and the Seventh Amendment is unimplicated.  *See* U.S. Const. Amend. VII ("In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any court of the United States, than according to the rules of the common law").

The Court will thus overrule all Garcia's objections and will grant summary judgment as to all his claims.

### B.     Whether the Court should sustain Defendants' objection

Defendants object to a narrow portion of the Magistrate Judge's ruling, insisting Garcia's unconstitutional search claim should be dismissed with, rather than without, prejudice.  Although the Magistrate Judge recommended Garcia's false arrest claim be dismissed under *Heck*, they contend, she recommended dismissal of the unconstitutional search claim on the merits.

The Court agrees that because it decides Garcia's unconstitutional search claim on the merits, dismissal with prejudice is appropriate.  *See Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 195 (5th Cir. 2011) (explaining that generally, "a district court has no discretion to grant summary

judgment without prejudice"). The Court thus will grant Defendants' objection and dismiss Plaintiff's unconstitutional search claim with prejudice.

## V.     CONCLUSION

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Garcia's objections, sustains Defendants' objection, adopts the Report to the extent it is not contradicted by this Order, and incorporates it herein.

Therefore, it is the judgment of the Court Defendants' motion for summary judgment is **GRANTED**. Garcia's unconstitutional search claim is **DISMISSED WITH PREJUDICE** and any remaining claims are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed this 25th day of August 2022, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.